1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                         DISTRICT OF NEVADA
9                                 * * *
10   ANTHONY BUTLER,                    Case No. 2:12-cv-01682-MMD-GWF
11                     Petitioner,
                                                    ORDER
12        v.
13   STATE OF NEVADA, et al.,
14                     Respondents.
15

16        Petitioner Anthony Butler has filed a *pro se* petition for writ of habeas corpus,

17   ostensibly pursuant to 28 U.S.C. § 2254, but on a state-court form.  He also has

18   submitted an incomplete application to proceed *in forma pauperis*.  Moreover, as

19   discussed below, the petition suffers from several defects and must be dismissed.

20        First, petitioner has named the State of Nevada as the respondent on the face of

21   his petition.  A petitioner must name the state officer who has custody of him or her as

22   the respondent in a federal habeas petition.  Rule 2(a), Rules Governing Section 2254

23   Proceedings;  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994).  This

24   person typically is the warden of the facility in which the petitioner is incarcerated.

25   "Failure to name the petitioner's custodian as a respondent deprives federal courts of

26   personal jurisdiction."  *Stanley*, 21 F.3d at 360.  If a petitioner fails to name the proper

27   respondent in his petition, the court may allow the petitioner to amend his petition to

28   name the correct respondent.  *See id.*

1   However, petitioner's failure to name the proper respondent is of no moment here,

2   because it is clear from the face of the petition that it is impossible that any claims have

3   been exhausted.  A federal court will not grant a state prisoner's petition for habeas relief

4   until the prisoner has exhausted his available state remedies for all claims raised.  *Rose*

5   *v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).   A petitioner must give the state

6   courts a fair opportunity to act on each of his claims before he presents those claims in a

7   federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also*

8   *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the

9   petitioner has given the highest available state court the opportunity to consider the

10  claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

11  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir.

12  1981).

13  A habeas petitioner must "present the state courts with the same claim he urges

14  upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal

15  constitutional implications of a claim, not just issues of state law, must have been raised

16  in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D.

17  Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must

18  be "alerted to the fact that the prisoner [is] asserting claims under the United States

19  Constitution" and given the opportunity to correct alleged violations of the prisoner's

20  federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195

21  F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a

22  simple and clear instruction to potential litigants: before you bring any claims to federal

23  court, be sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276

24  F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

25  "[G]eneral appeals to broad constitutional principles, such as due process, equal

26  protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v.*

27  *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state

28  ///

1
2
caselaw that applies federal constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

3
4
5
6
7
8
9
10
11
A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state court, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

12
13
14
15
16
17
18
19
20
21
22
Here, petitioner indicated on his federal petition that the case number for the conviction he challenges is C247299.  This Court may take judicial notice of the state-court docket, and the docket for the Eighth Judicial District Court for the County of Clark, Nevada, indicates that the judgment of conviction for that case was entered on September 24, 2012.  The Court received petitioner's federal habeas petition on that same date, and petitioner had signed and dated the petition September 3, 2012. Accordingly, it is clear that the Nevada Supreme Court has not had the opportunity to consider any of petitioner's claims through direct appeal, state postconviction proceedings or other state collateral review proceedings.   The Court also notes that petitioner has submitted a petition on the state-court form and observes that petitioner may have intended to file this petition in state, rather than federal, court.

23
24
25
26
27
28
In conclusion, this petition must be dismissed without prejudice for failure to exhaust state remedies.  Petitioner should be mindful that the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

3

1    A properly filed petition for state postconviction relief can toll the period of limitations.  28

2    U.S.C. § 2244(d)(2).

3         IT IS THEREFORE ORDERED that petitioner's incomplete application to proceed

4    *in forma pauperis* (dkt. no.1) is DENIED.

5         IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the petition

6    (dkt. no.1-1).

7         IT IS FURTHER ORDERED that the petition is DISMISSED without prejudice for

8    failure to exhaust state remedies.

9         IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel

10   (dkt. no.2) and motion for evidentiary hearing (dkt. no.3) are both DENIED as moot.

11        IT IS FURTHER ORDERED that the Clerk shall ENTER JUDGMENT and close

12   this case.

13

14        DATED THIS 16th day of October 2012.

15

16        _____

17        MIRANDA M. DU
          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28